In the Matter of NEW MILL MEAT SERVICE, INC., Debtor.

Bankruptcy No. 81–00578–SJ–11.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

Aug. 26, 1981.

As Amended Sept. 15, 1981.

Clayton A. Chittim, Kansas City, Mo., for debtor.

ORDER DENYING CONFIRMATION OF AMENDED PLAN OF REORGANIZATION AND SETTING HEARING ON ISSUE OF WHETHER PROCEEDINGS SHOULD BE DISMISSED OR CONVERTED TO CHAPTER 7 PROCEEDINGS OR WHETHER AMENDED PLAN SHOULD BE CONSIDERED FOR CONFIRMATION

DENNIS J. STEWART, Bankruptcy Judge.

Throughout the course of these chapter 11 proceedings, successive delays have occurred because of the apparent need of the debtor to have settings made by the court postponed. Thus, the initial hearing for the appointment of a creditors' committee could not be timely held because of the debtor's claimed need for a postponement of it.[1] Later, successive deadlines for the submission of a disclosure statement were not met by the debtor.[2] It was necessary for the court to supplement its later orders to repair the arrearages in mortgage payments with telephone calls to the debtor's counsel before compliance could be secured.[3]

The same general pattern now attends the matter of the filing of a complete and

1. The court attempted to go forward with the appointment of the creditors' committee, a function for which the presence of debtor's counsel was not really required, only to discover that counsel for the debtor had notified some or all of the creditors that they should not attend the hearing scheduled for that purpose.

2. In order to be timely circulated with the plan of reorganization, the initial deadline for submission of the disclosure statement was June 24, 1981. On that date, a copy of the proposed plan of reorganization (without, as noted elsewhere, any provision for treatment of one of the most prominent creditors, the Internal Revenue Service) was submitted to the court. But it was not accompanied by any disclosure statement. Therefore, the court, on June 29, 1981, issued its order directing the debtor to show cause within 10 days why these proceedings should not be dismissed for prejudicial delay. The disclosure statement was thereafter untimely filed on July 9, 1981.

3. On May 26, 1981, this court issued its judgment in *Keller v. New Mill Meat Service, Inc.*, Adversary Action No. 81–0447–SJ–11, (W.D.Mo.Bkrtcy), denying plaintiffs' complaint for relief from the automatic stay on condition that all the arrearages and current payments on the mortgage of the real property which comprise the business premises be made up within 30 days. Additionally, current payments were to be made as they fell due. Almost immediately, counsel for the plaintiffs in that action reported that a current payment had not been made, whereupon it was incumbent upon the court to issue an order on June 10, 1981, for the debtor to show cause why the payment should not be made or this case dismissed. And it was only after the court made contact with debtor's counsel by telephone that compliance with the judgment of May 26, 1981, could be exacted within 30 days of its issuance.

sufficient plan of reorganization. A form of plan which did not sufficiently provide for the debtor's indebtedness to the Internal Revenue Service was filed by the debtor just in time to meet the deadline fixed by statute for the filing of the plan. The court, having previously taken note of the ever-developing need for dispatch in the processing of this case, circulated the plan without knowing of the particular claims of the Internal Revenue Service and fixed the confirmation hearing for August 13, 1981. Again, counsel for the debtor notified the court of an inability to attend a hearing on August 13, 1981, whereupon it was necessary to move the date of the confirmation hearing to August 11, 1981.

In the course of the confirmation hearing conducted on that date, the Internal Revenue Service arose to complain of the insufficient treatment for its claim in the plan of reorganization and to object to confirmation on that basis. Because counsel for the debtor then for the first time announced an intention to amend the plan to meet the objection of the Internal Revenue Service, the court directed that any such amendment be filed on or before August 13, 1981.

The filing of the amendment on August 13, 1981, marked a significant deviance from the plan of reorganization which had been the subject of the confirmation hearing of August 11, 1981. Whereas the plan of reorganization initially filed by the debtor had contained no provision ostensibly for the payment of the claim of the Internal Revenue Service, the amended plan contained extensive provisions for paying a

sizeable debt, plus interest, to the Internal Revenue Service. The new provisions for payment of unpaid taxes and interest on them makes it impossible, without more, for the court to find, as required by § 1129(a)(11) that:

"Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor . . ."

This is especially so when the reports and evidence conserving the debtor's monthly income leaves little, if any, doubt that the debtor is unable to pay taxes according to the amendment and yet keep up with its other recurring expenses.

In initially turning back the complaint of the mortgageholders for relief from the automatic stay in *Keller v. New-Mill Meat Services, Inc.*, Adversary Action No. 81–0447–SJ, (W.D.Mo.Bkrtcy., 1981), the court was compelled to take note that the current information on monthly income did not even permit the conclusion that the debtor would be able to make its monthly payments to the mortgageholders. The plan of reorganization and disclosure statement do not treat conclusively of this issue; and the evidence in the confirmation hearing of August 11, 1981, is insufficient to demonstrate any reasonable expectation that income will increase to such an extent that these payments can be made.[4] Even though that evidence shows that operations are now underway pursuant to the new lease arrangements which were to be the central element of the proposed reorganiza-

---

4. The lone monthly operating statement which was on file at the time of this initial hearing purported to show that there would be no monthly revenues remaining after payment of the ordinary monthly expenses to pay the mortgagees of the realty. In the disclosure statement which has been filed with the court, the debtor conclusionarily claims that, under future operations, there will be "additional income of at least $2,720.22 per month be applied to the old debts. This should provide sufficient income over the two years to meet the terms of the Plan and reduce the corporation's liabilities to only the mortgage and it too may be retired under the contract's option provision." But precisely how this is to be done is not sufficiently covered, either in the disclosure state-

ment or in the evidence offered in support of confirmation at the confirmation hearing. The issue is made all the more acute by the contents of the monthly operating statement filed with the court on August 11, 1981 (without verification, as required by Rule 8(F) of the Local Rules of Bankruptcy Procedure) which show that *all* of the income produced in the 30 preceding days was taken up by a mortgage payment and "credits on Trenton Packing Co. advance." No mention is made of the manner in which the other monthly expenses were paid. The testimony at the confirmation hearing does not tend to show that, according to present or reasonably projected future operations, there will be greater income than the current monthly statements reflect.

tion, the most recent monthly operating report reflects barely enough income to make the mortgage payments without payment of any other expenses.[5]

Therefore, when the plan which has been submitted to the court is so plainly infeasible in terms of the income and earning power of the debtor, the court can hardly confer confirmation upon it under the provisions of § 1129, *supra.* Accordingly, it is hereby

ÓRDERED that confirmation of the debtor's plan of reorganization be, and it is hereby, denied. It is further

ORDERED that a hearing be held on September 8, 1981, at 11:00 a. m. in Room 945, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri, on the issues of whether these chapter 11 proceedings should be dismissed or converted to chapter 7 liquidation proceedings or whether the plan may be amended so as to warrant consideration for confirmation.